

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00140-CR
No. 07-21-00141-CR
No. 07-21-00142-CR
_____

SALVADOR TORRES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court Nos. 78,017-C-CR, 79,287-C-CR & 80,350-C-CR;
Honorable Ana Estevez, Presiding

November 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following pleas of not guilty, Appellant, Salvador Torres, Jr., was convicted and punished as follows:

| No. 78,017-C-CR | Possession of less than one gram of a controlled substance (state jail felony, enhanced to third degree) | TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017) | Five years confinement |
|---|---|---|---|
| No. 79,287-C-CR | Failure to register as a sex offender on April 14, 2020 (third degree felony) | TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2018) | Five years confinement |
| No. 80,350-C-CR | Failure to register as a sex offender on December 10, 2020 (third degree felony) | TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2018) | Five years confinement |

The trial court ordered the three sentences to run concurrently. In presenting these appeals, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review. *In re*

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

*Schulman*, 252 S.W.3d at 408.[2]  By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a brief.

### BACKGROUND—POSSESSION OF A CONTROLLED SUBSTANCE

On June 28, 2019, officers received information on a fugitive with a felony warrant. The suspect was seen getting into the passenger's side of a truck which then traveled to a convenience store.  After the truck pulled into a parking space, an unmarked patrol car with its emergency lights activated stopped behind the truck.  Officers, with weapons drawn, ordered the occupants to show their hands.  The suspect exited the passenger's side and was handcuffed and placed in the unmarked patrol car.  The driver of the truck, identified as Appellant, was also asked to exit the truck.  He was questioned by one of the officers.

Appellant told the officers the truck belonged to his brother but other individuals also drove it.  The officers searched the truck and found small black bags containing methamphetamine, baggies, and scales.  The individual arrested claimed two of the bags and approximately five grams of methamphetamine.  Appellant was questioned at the scene and at first denied any knowledge of the bags and the contents.  When one of the officers told Appellant that he observed Appellant reach behind the seat when he and his

---

[2] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, *counsel must comply* with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35.  The duty to send the client a copy of this court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

partner pulled in behind the truck, Appellant admitted that he placed one of the bags there. He estimated the bag contained half of a gram of methamphetamine for his personal use. Appellant was arrested and charged with possession of less than one gram of methamphetamine.

During trial, video recordings from one of the officer's body cam footage were admitted into evidence. The recordings captured Appellant's admission that he possessed half of a gram of methamphetamine in one of the black bags found in the truck. Appellant testified at his trial and during cross-examination, he again admitted that he possessed methamphetamine and that he had been using methamphetamine since 2001.

### APPLICABLE LAW—POSSESSION OF A CONTROLLED SUBSTANCE

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b). Methamphetamine is a controlled substance listed in Penalty Group 1. § 481.102(6). Possession is defined as exercising care, custody, control, or management of the substance. § 481.002(38); TEX. PENAL CODE ANN. § 1.07(a)(39). The State is required to prove possession and that the accused knew the matter he possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled on other grounds*, *Robinson v. State*, 466 S.W.3d 166, 173 (Tex. Crim. App. 2015).

4

**BACKGROUND—FAILURE TO COMPLY WITH SEX OFFENDER REGISTRATION REQUIREMENTS**

Appellant has a reportable conviction for aggravated sexual assault of a child. As such, he is required to comply with sex offender registration requirements found in chapter 62 of the Texas Code of Criminal Procedure. According to Appellant, he was released from prison in 2015 and began registering in December of that year, his birthday month, using his TDC identification card.

The Amarillo Police Department's civilian investigator, whose primary duty is sex offender registration, testified that she began registering Appellant in 2016. Prior to that time, he was under a different investigator's supervision. She reviewed the required form with Appellant and explained the requirements. He was successful in complying with annual registration requirements in 2016 and 2017. In 2018 and 2019, law enforcement's annual compliance checks revealed that Appellant was not residing at his registered address, his mother's home. Although he was not in compliance, those cases were closed for other reasons.

In January 2020, Appellant's status changed from annual registration to transient because he did not have identification or a valid driver's license. Transient status required him to report to local law enforcement every thirty days. According to the investigator, Appellant's identification card expired in 2016, and his driver's license expired in 2019. Appellant did not report as scheduled on April 14, 2020, and a case was filed against him on May 1, 2020.[3] Appellant then complied with registration requirements from July 2020

---

[3] The investigator testified that registration continued during the COVID-19 pandemic but the location for registration was changed.

to October 2020, and then missed the next reporting period. The investigator testified that at the time of trial, Appellant continued to remain out of compliance with registration requirements and had a new case pending.

During his testimony, Appellant confirmed that his identification card had expired and explained that he had not renewed his driver's license because of outstanding surcharges from traffic violations and nonpayment of child support. He also attributed his non-compliance to the COVID-19 pandemic. He admitted that he failed to report in April 2020, and he did not register in May 2020 because he was avoiding an arrest warrant that had been issued. He also conceded that he did not report in November 2020, but could not offer a reason for his non-compliance.

### APPLICABLE LAW—FAILURE TO COMPLY WITH SEX OFFENDER REGISTRATION REQUIREMENTS

A person who has a reportable conviction is required to register with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. TEX. CODE CRIM. PROC. ANN. art. 62.051(a). A person commits an offense if he is required to register as a sex offender under chapter 62 of the Texas Code of Criminal Procedure and fails to comply with any requirement of the chapter. *See* art. 62.102(a). *See also Bell v. State*, No. 07-18-00173-CR, 2019 Tex. App. LEXIS 6362, at *7-8 (Tex. App.—Amarillo July 24, 2019, pet. granted) (mem. op., not designated for publication).

### ANALYSIS

By the *Anders* brief, counsel evaluates the entirety of the proceedings and evaluates (1) whether the evidence was sufficient to convict Appellant of the charged offenses, (2) the effectiveness of trial counsel's representation, and (3) the severity of the

6

punishment which was within the statutory range. Counsel then candidly concedes there are no non-frivolous grounds to support reversal of any of Appellant's convictions.

Under the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), the evidence presented at trial was sufficient to support Appellant's convictions for possession of less than one gram of methamphetamine and failure to comply with sex offender registration requirements. Also, trial counsel provided Appellant with zealous representation; however, the record is silent on counsel's trial strategies. An appellate court should not denounce counsel as ineffective without counsel having had the opportunity to explain his trial strategy. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Finally, Appellant's conviction for possession was enhanced to a third degree felony, and his two convictions for failure to comply with sex offender registration requirements are third degree felonies. His five-year concurrent sentences are within the statutory range of punishment for third degree felonies. *See* Tex. Penal Code Ann. § 12.34. Therefore, the sentences are not excessive, cruel, or unusual. *Ex parte Chavez*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

We too have independently examined the record to determine whether there are any non-frivolous issues which might support the appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal of Appellant's convictions. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

7

**CONCLUSION**

The trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.